IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Nathaniel Harold Green, )<br>)<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>Sunoco Inc. R&M CFO, )<br>)<br>        Defendant. )<br>)  | Civil Action No. 2:14-1992-TLW-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

   Plaintiff is a resident of Summerville, South Carolina. He has brought suit against a corporation for complying with a Notice of Federal Tax Levy issued by the Internal Revenue Service ("the Service"). According to Plaintiff, over one thousand nine hundred dollars have been taken from his account (doc. 1 at 4). Plaintiff also alleges copyright infringement (*id.* at 4–5). Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 3) reveals that Defendant is Plaintiff's employer. Plaintiff seeks repayment of the taken monies, $500,000 in damages for each alleged violation, and other relief deemed just and proper by this Court (doc. 1 at 4–5).

   Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that, unless certain exceptions are applicable:

> [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]

The United States Court of Appeals for the Fourth Circuit has held that, if there is no express provision for an exception in the Anti-Injunction Act itself, a lower federal court may not create an exception. *See Clark v. Baker (In re Heritage Church and Missionary Fellowship)*, 851 F.2d 104, 105–06 (4th Cir. 1988).

The Supreme Court of the United States has indicated that the purpose of the Anti-Injunction Act is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in suit for a refund.'" *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974), *superannuated on unrelated grounds by South Carolina v. Regan*, 465 U.S. 367, 372–82 (1984).

There is no indication that Plaintiff has satisfied the prerequisites for bringing a tax refund action in a federal district court (*i.e.*, payment of the taxes in question, filing an administrative claim for a refund with the Service, and, if denied by the Service, bringing suit in a federal district court or in the United States Court of Federal Claims). *See Flora v. United States*, 362 U.S. 145, 163 (1960) (holding that one prerequisite to suit in district court disputing a tax assessment is full payment of the disputed taxes: "The result is a system in which there is one tribunal for prepayment litigation and another for post-payment litigation, with no room contemplated for a hybrid of the type proposed by petitioner.") Also, there is no indication that Plaintiff has sought relief from the United States Tax Court. *See* Charles S. Lyon, *Disclosure of Grand Jury Materials: Why the Supreme Court Was Wrong in Baggot*, 39 Tax L. Rev. 215, 216–17 (1984) (describing differences between federal district court and Tax Court in federal income tax matters).

Plaintiff's copyright infringement claims are commonly used by tax protesters and so-called "sovereign citizens" litigants in federal court litigation. *See Nunez v. D.T.C.,*

C.A. No. 4:13-244-TMC, 2013 WL 5409219, at *3 (D.S.C. Sept. 25, 2013) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by courts, but also recognized as frivolous and a waste of court resources.") (citing *Barber v. Countrywide Home Loans, Inc.*, No. 2:09CV40, 2010 WL 398915, at *4 (W.D.N.C. Oct. 7, 2009) ("plaintiffs are utilizing terminology and making demands that have been utilized by so called 'tax protestors' in this court in the past two decades")).

Based upon the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

May 21, 2014                                              s/ Kevin F. McDonald
Greenville, South Carolina                        United States Magistrate Judge

3

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).